UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES H. ROBERTSON                                                                                          PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:23-CV-533-DPJ-ASH

UNITED STATES DEPARTMENT OF AGRICULTURE
FOREST SERVICE                                                                                              DEFENDANT

ORDER

This land-boundary dispute is before the Court on the parties' cross-motions for summary judgment [33, 37].  For the reasons explained below, the Court finds the parties' motions [33, 37] should be denied; this dispute will proceed to a bench trial.

I.      Background

In July 2023, Plaintiff James H. Robertson purchased approximately 80 acres of land bordering the Delta National Forest.  The Delta National Forest is managed by the United States Forest Service and spans approximately 60,898 acres.

Two concrete monuments purportedly mark the western boundary between Robertson's property and the Delta National Forest.  U.S. Mem. [34] at 2–3.  These markers were set in the 1960s.  The core fact question is whether these monuments coincide with surveys conducted by the General Land Office (GLO) (now Bureau of Land Management (BLM)) from 1826 to 1837.  Robertson says they don't and should be moved; the United States says they do and should remain.  The United States also asserts a counterclaim against Robertson, alleging he has willfully destroyed government-owned National Forest land by "cutting down trees, digging ponds, placing culverts, and forming roads." Ans. [4] ¶ 20.

On June 12, 2025, the United States moved for summary judgment [33] as to Robertson's claims but not its counterclaim.  Robertson responded and filed his own motion seeking

1

summary judgment on his claims [35, 37].  He supported both with the same memorandum [36, 38].  Finally, the Court requested supplemental briefing on issues raised in the United States's motion, and the parties complied.  *See* Order [42]; Pl.'s Resp. [43]; U.S. Resp. [44].

II.     Analysis

The parties acknowledge a threshold jurisdictional issue—the court lacks jurisdiction to move the range lines[1] GLO originally established.  *See* Pl.'s Resp. [43] at 1; U.S. Resp. [44] at 2.  That's true under *Cragin v. Powell*, an ancient but still viable land-dispute opinion from the United States Supreme Court.  128 U.S. 691 (1888).

In *Cragin*, the parties asked the trial court to "fix the boundaries between certain lands, the property of appellees, and the contiguous lands belonging to appellant."  *Id.* at 692.  The land had been "officially surveyed" by GLO over 40 years earlier, and the plat from that survey was filed in the United States land office.  *Id.* at 693.  Although a court-appointed surveyor found errors in the original survey, *id.*, the Supreme Court found no jurisdiction to move the boundary line between the properties: "Whether the official survey . . . is erroneous, or should give way to the extent of its discrepancies . . . is a question which was not within the province of the court below."  *Id.* at 697.

Robertson's claim is distinguishable.  As noted, he is not asking the Court to invalidate the original range lines as adopted in the 1800s—he seeks judgment finding that the United States placed the monuments in the wrong spots over 100 years later in the 1960s.  *See* Pl.'s Resp. [43] at 1.  Both sides offered conflicting expert opinions on this question.  The United

---

[1] "[A] 'range line' runs north-south and determines the east or west boundary of a township." U.S. Mem. [34] at 4 n.6.

States also offered an April 28, 2025 letter from BLM confirming the monuments' accuracy. BLM Letter [33-13].

The United States believes the BLM letter is dispositive because the Court lacks jurisdiction to question "BLM's determination." U.S. Resp. [44] at 2. But that determination came nearly 200 years after the original survey, and the United States offers no analogous legal authority. Indeed, some courts have rejected such evidence. For example, in *United States v. Reimann*, the Tenth Circuit found that the trial court "mistakenly relied upon" a declaration from the Land Office regarding an earlier survey. 504 F.2d 135, 139 (10th Cir. 1974). "This determination by the Land Office was immaterial. The government retains no power to nullify a patent, nor the survey upon which it is based, once patent has issued." *Id.*; *accord Matthews v. Barker*, 30 F. Supp. 464, 465 (D. Idaho 1938); *see also Moore v. Robbins*, 96 U.S. 530, 533–34 (1877) (finding that "[w]ith the title passes away all authority or control of the Executive Department over the land," thus its functions "necessarily cease when the title was passed from the government").

In short, the parties have demonstrated a fact question regarding the original GLO survey. If the original survey is as the Government argues, then Robertson agrees that the Court would lack jurisdiction to move the lines and he would also fail on the merits. That issue is best suited for trial.

There are, however, other issues. The Court acknowledges that the United States also asserts that the claims are time barred. The argument isn't frivolous, but the Court finds that it should be carried to trial for three reasons. First, neither party sought summary judgment on the government's counterclaim, so the case must go to trial anyway. Second, there are potential fact

3

questions regarding the statute-of-limitations defense that will be easier to consider based on a complete record. Finally, as explained by the Fifth Circuit Court of Appeals,

> The Supreme Court has recognized that, even in the absence of a factual dispute, a district court has the power to "deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 . . . (1986). We, too, have recognized that (except in cases of qualified or absolute immunity) a district court "has the discretion to deny a [motion for summary judgment] even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." *Veillon v. Exploration Services,* 876 F.2d 1197, 1200 (5th Cir. 1989); *see also Marcus v. St. Paul Fire & Marine Ins.,* 651 F.2d 379, 382 (5th Cir. 1981).

*Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994) (bracketed alteration in *Black*); *see also Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995) (noting a district court's discretion to deny a motion for summary judgment). The "better course" here is to proceed to bench trial. *Black*, 22 F.3d at 572.[2]

III.    Conclusion

The Court has considered all arguments, those that have not been addressed would not alter the results. For the reasons stated, the Court denies both motions for summary judgment [33, 37]. The parties are instructed to contact Courtroom Deputy Shone Powell within one week of this Order to set the case for pretrial conference.[3]

**SO ORDERED AND ADJUDGED** this the 20th day of October, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] The parties are free to revisit issues raised in the motions, as appropriate, at trial.
[3] The Court recognizes the lapse in appropriations may require a stay of these proceedings, if the United States so moves.