UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES H. ROBERTSON                                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:23-CV-533-DPJ-ASH

UNITED STATES DEPARTMENT OF
AGRICULTURE FOREST SERVICE                                                                    DEFENDANT

ORDER

Defendant United States Department of Agriculture Forest Service (USDA) seeks an in limine ruling preventing Plaintiff James Robertson from offering expert testimony. Def.'s Mot. [45]. As explained below, the Court denies the motion.

I.    Facts and Procedural Background

The parties dispute whether the USDA improperly placed concrete monuments (boundary markers) on Robertson's property in the 1960s. Compl. [1] ¶ 5. USDA says the monuments coincide with surveys conducted by the General Land Office (GLO) (now Bureau of Land Management (BLM)) from 1826 to 1837. Def.'s Mem. [33] at 6. It bases that position largely on an April 28, 2025 letter from BLM finding GLO intended a common corner which the monuments accurately reflect. *See* BLM Letter [33-13]. Roberston's expert, Charles McGinty, offers a different opinion. According to McGinty, the original records show an offset between Robertson's land and the Delta National Forest; thus, there is no common corner, and the monuments are misplaced. McGinty Rep. [33-9] at 1; McGinty Dep. [33-10] at 39.

USDA seeks an order preventing Robertson from offering expert opinion that BLM's "determination of a 'common corner' is wrong." Def.'s Mem. [46] at 3. Robertson opposed the motion, *see* Pl.'s Resp. [48].

II.      Standard of Review

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and internal quotation marks omitted). But blanket pre-trial exclusion of evidence must be considered with caution. *See Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 357 (5th Cir. 1995) ("We agree with other circuits that have cautioned that an appellate court should carefully examine blanket *pre-trial* evidentiary rulings.").

III.     Analysis

USDA bases its motion in limine on Federal Rule of Civil Procedure 37(c): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Under Rule 26(a)(2), a plaintiff is required to submit an expert report that "includes all of the facts upon which any conclusions are based and the methodology employed to reach those conclusions." *Hill ex rel. Hill v. Koppers, Inc.*, No. 3:03-CV-60-P-D, 2009 WL 4908836, at *5 (N.D. Miss. Dec. 11, 2009) (discussing Fed. R. Civ. P. 26(a)(2)). Essentially, an expert "is required to 'show his work' in his reports." *Id.*

To begin, USDA never identifies which expert should be excluded. The motion seemingly relates to McGinty, but it appears from the summary-judgment briefing that there

could be other experts too.[1]  In any event, the Court will focus on McGinty because he seems to be the most prominent expert on Robertson's side.

McGinty performed a survey that "revealed discrepancies in what [USDA] contends is its property."  Pl.'s Mem. [38] at 2.  In his survey, McGinty concludes that the "original BLM GLO records show an offset."  McGinty Rep. [33-9] at 1.  McGinty believes "that when the Forest service set their original monuments in 1967[,] . . . they did not realize there was an offset in Range lines . . . ."  *Id.*; *see also* McGinty Dep. [33-10] at 39 ("But I believe there's also an offset[,] . . . [t]hey don't have a common corner at the corner of the 4 townships.").  McGinty reached this conclusion by "plott[ing] the original dimensions of the BLM GLO survey for Township 13 North, Range 5 West, performed in 1837."  McGinty Rep. [33-9] at 1.

*After* McGinty rendered that opinion, and just one day before his deposition, BLM issued the April 28, 2025 letter concluding that there was a common corner, not an offset as McGinty contends.  BLM Letter [33-13] at1.  McGinty did not supplement his opinion to expressly address the BLM determination or any deficiencies in BLM's methodology.  And it is for that reason that USDA says Robertson "should be precluded from offering at trial any opinions or supplementations to his expert opinions that challenge BLM's determination."  Def.'s Mot. [45] at 1; *see also* Def.'s Mem. [46] at 3 (arguing that Robertson should be precluded from offering "opinions at trial that BLM's determination of a 'common corner' is wrong").

If USDA is suggesting that McGinty (or others) may not testify that the common-corner theory "is wrong," then that goes too far.  Def.'s Mem. [46] at 3.  McGinty adopted the offset theory—and thus rejected the common-corner theory—before the BLM letter.  He also explained his methodology and conclusions in his expert report and deposition testimony.  *See* McGinty

---

[1] The designation of expert witnesses is not docketed.  *See* Notice of Serv. [18].

Rep. [33-9]; McGinty Dep. [33-10].  USDA has challenged neither his expertise nor his methodology under Federal Rule of Evidence 702, and the time for *Daubert* motions has passed.  McGinty may offer the opinions he had already disclosed, even if they conflict with BLM's subsequent determination.

And that's all Robertson wants to do.  According to Plaintiff, he "does not intend to offer evidence or opinions other than the ones that have been submitted."  Pl.'s Mem. [49] at 2.  If Robertson presents expert evidence that he did not disclose, the Court will address that at trial.  But a blanket prohibition against opinions contrary to BLM's determination is denied.[2]

IV.    Conclusion

Having considered both sides' arguments, the Court denies Defendant's motion [45].

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] If there are disclosure deficiencies, harmless-error analysis applies.  That review considers four factors:  "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."  *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *see also Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).  The parties did not address these factors for the motion in limine.